```
                                                    FILED
                                              U.S. DISTRICT COURT
                                               SAVANNAH DIV.
```

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
                                              2007 JUL 20 PM 5:39

                                              CLERK_____
                                               SO. DIST. OF GA.
```

| | |
|---|---|
| BRYAN COUNTY SCHOOL DISTRICT, | |
| Plaintiff, | |
| vs. | Case No. CV406-112 |
| M.W., by and through his parents, M.W. and P.W., | |
| Defendant. | |

## ORDER

Before the Court is "Defendant-Appellee M.W.'s Motion for an Award of Costs of Litigation and Attorney Fees Under Rule 54(d) of the Federal Rules of Civil Procedure and the 'HCPA.'" (Doc. 28.) After careful consideration, M.W.'s motion is **GRANTED**.

### BACKGROUND

This case arises from a decision by Administrative Law Judge W. Joseph Baird ("the ALJ") on January 31, 2006 involving the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq. M.W. requested and received a hearing from the Office of State Administrative Hearings in Georgia in which he complained that the Individualized Education Program (IEP) and educational opportunities offered to him by the District were not appropriate under the IDEA and related state and federal regulations. The hearing resulted in an order by the ALJ directing the District to reimburse M.W.'s family for the 2005-2006 school year.

The District filed the instant case on May 1, 2006, alleging that it was "aggrieved" by the ALJ's findings and requesting reversal of the decision. On May 23, 2006, M.W. filed his Answer and Counterclaim. He sought to affirm the decision of the ALJ, and counterclaimed that he had a right to a free appropriate public education under federal and state law. Additionally, M.W. requested attorney's fees and costs. The District filed its Answer on June 12, 2006, and the parties conducted discovery.

In September of 2006, the parties entered into a Settlement Agreement with regard to their claims. In essence, the Agreement established the rights of the parties as if there had been no appeal. The Court approved and adopted the parties' proposed Consent Order on the settlement as the Order of the Court on November 6, 2006. The Court also retained jurisdiction over M.W.'s claim for attorney's fees and costs of litigation as outlined in the Consent Order. M.W. has now moved for a compensatory award of costs and fees. The District opposes this request.

## DISCUSSION

I. <u>Attorney's Fees and Costs Under the IDEA</u>

M.W. seeks attorney's fees based on provisions in the IDEA. This Act, originally known as the Education of the Handicapped Act ("EHA") of 1975, provides federal money to states in order to assist them in providing "a free appropriate public education" to children with disabilities. It requires that states provide procedural safeguards giving handicapped children the opportunity

2

to present complaints about existing educational programs. The EHA, however, did not expressly authorize attorneys fees, and courts, therefore, declined to provide attorney fees in EHA cases. In 1986, Congress amended the EHA to permit the recovery of attorney's fees. The Handicapped Children's Protection Act ("HCPA") provides: "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys fees as part of the costs to the parents or guardian of a child or youth with a disability who is a prevailing party." 20 U.S.C. § 1415(e)(4)(B).

The Senate report concerning the fee recovery provision of HCPA stated that the term "prevailing party" be construed consistent with the standard set out in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed.2d 40 (1983), a case based on the Attorneys Fees Awards Act, 42 U.S.C. § 1988. Virginia McC by Mr. and Mrs. McC v. Corrigan-Camden Indep. Sch. Dist., 909 F. Supp. 1023 (E.D. Tex. 1995). Hensley defines prevailing party as one who succeeds "on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." Id. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1987)).

The Supreme Court has also applied the Hensley standard in attorneys fees cases brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. In Texas State Teacher's Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989), the Court characterized a prevailing party as "one who has

3

succeeded on any significant claim affording it some of the relief sought." The Court further held that "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Id. at 792. The Court stressed that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Id.

Logically, to determine whether Plaintiff is a prevailing party, this Court looks to Plaintiff's original claims as argued to the ALJ. At that time, M.W. asserted that the IEP proposed by the District failed to provide him with a free appropriate public education. He requested the following relief:

a) a finding that he was denied a free and appropriate public education ("FAPE") by BCSD on both procedural and substantive grounds, each breach causing a harm;

b) continuation of an appropriate private placement and reimbursement for the services he had been provided during the 2005-2006 school year and the 2004-2005 school year, including transportation, aide and related service costs;

c) to maintain research-based approaches which were appropriate to his individual needs and proven to meet his needs through [Verbal Behavioral Therapy], and supportive services, including an aide, in such placement including his inclusion class;

d) reimbursement for ESY ["Extended Year Service"]; [and]

e) adequate and continuing support services and a year of compensatory services extending beyond his twenty-second birthday.

(Id., Ex. B at 17-18.)

The ALJ partially granted two of M.W.'s specific requests in part. First, the ALJ found that several procedural violations had a substantive effect on M.W.'s right to receive a free appropriate public education and one procedural violation denied M.W. a free appropriate public education. Second, the ALJ ordered that M.W. be reimbursed for expenses incurred during the 2005-2006 school year. The Settlement Agreement in this Court reinstated the ALJ's ruling as if no appeal occurred. Thus, the Settlement Agreement altered the relationship between M.W. and the District by requiring reimbursement and declaring that the procedures utilized by the District substantively affected M.W.'s right to receive a free appropriate public education. The fact that M.W. won a minor victory compared to the relief sought is not significant when determining a change in the legal relationship between parties. See Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed.2d 494 (1992); see, e.g. Corrigan-Camden, 909 F. Supp. at 1030 ("The court holds that because [the plaintiff] won on the merits of one of her claims, the hearing officer's determination did alter the legal relationship between [the] parties.")[1] Accordingly, this Court finds that M.W. is entitled to attorney's fees and costs.

---

[1] Interestingly, the District also argues that their voluntary change in conduct-the settlement-although perhaps accomplishing what M.W. sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. (Doc. 31 at 11.) It suggests that if the Court either incorporated the terms of the settlement into its final order or expressly retained jurisdiction to enforce the settlement, the result would bear the necessary judicial imprimatur to support prevailing party status. (Id. at 12.) This argument ignores the fact that this Court reviewed and approved the settlement and expressly retained jurisdiction to enforce it. (Doc. 26 at 2.)

II. <u>Calculation of Attorney's Fees</u>

An award of attorney's fees must be reasonable and based on the prevailing rates in the community for the kind and quality of services furnished. 20 U.S.C. § 1415(e)(4)(C). Typically, a court derives the amount of the attorney's fee award by multiplying the customary hourly rate for the services rendered and the number of hours reasonably expended. <u>Hensley</u>, 461 U.S. at 433. The court may in turn adjust this figure on the basis of several factors including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Id.</u> at 430 n.3 (quoting <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)). Four of these factors are particularly significant: the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. <u>Copper Liquor, Inc. v. Adolph Coors Co.</u>, 624 F.2d 575, 583 (5th Cir. 1980).

The court in <u>Hensley</u> focused on the importance of the "results obtained." This factor is particularly crucial where a plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief. In such a situation, the court can determine

whether counsel's work on one claim was unrelated to his work on another claim. Accordingly, a court should not award attorney's fees for work on an unsuccessful claim. Some cases will present a single claim, or involve a common core of facts, or will be based on similar legal theories. Much of the attorney's time will be devoted to the litigation as a whole making it difficult to divide the hours expended on a claim-by-claim basis. Hensley, 461 U.S. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id.

If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive. The most critical factor is the degree of success obtained. Id. at 436. There is no rule or formula for the court to follow in making these determinations. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id.

In the current case, M.W. requests payment of $98,980.22 ($94,293.05 in attorney's fees plus $4,687.17 in costs.) After considering all the objections raised by the District, M.W.'s responses, and the factors laid out in Hensley, the Court finds that the requested fees should be reduced by 33.33%. This deduction accounts for the fact that M.W. succeeded on only a portion of his claims before the ALJ and preserved his victory in

7

this Court. Further, the Court has considered the fact that M.W.'s claims are not entirely discrete. Thus, work done on those claims which were unsuccessful was, in many cases, necessary to the prosecution of those claims which were successful. Finally, the Court's calculation takes into account the fact that defense counsel voluntarily reduced its claim for attorney's fees by 10% in the administrative court, 3% in this Court, and 50% with regard to travel.

Accordingly, the District is **ORDERED** to reimburse M.W. for $62,865.18 of the attorney's fees incurred in this case. Additionally, it must reimburse M.W. for the $4,687.17 in costs and expenses incurred. Plaintiff's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 20th day of July, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA